UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALICIA ZEMKE,
        Petitioner,

                                        Case. No. 2:19-cv-10632
v.                                       Hon. Gershwin A. Drain

SHAWN BREWER,
        Respondent.
_____/

# OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Alicia Zemke, presently confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, seeks issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her pro se application, Petitioner challenges as "unreasonable" the twenty- to eighty-year prison sentence she received for a conviction of Child Abuse, First Degree, Mich. Comp. Laws § 750.136b. For the reasons stated below, the application for writ of habeas corpus is summarily denied.

## I. BACKGROUND

Petitioner Zemke was convicted by a no contest plea to first-degree child abuse on January 20, 2017. Under Michigan's sentencing guidelines, her minimum sentence range was calculated to be 9 to 15 years. (Pet. at 17, ECF No. 1, PageID

17.) She was sentenced on March 13, 2017 to 20 to 80 years incarceration. (*Id.* at 15.)

Following her conviction and sentence, Zemke filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals. In the sole basis for her appeal, Zemke sought resentencing "because her sentence was an unreasonable and disproportionate upward departure for her recommended Guideline Range." (Pet. at 2, ECF No. 1, PageID 2.) The Court of Appeals denied the Delayed Application in a standard form order, "for lack of merit in the grounds presented." *People v. Zemke*, No. 339906 (Mich. Ct. App. October 27, 2017) (unpublished). On July 27, 2018, the Michigan Supreme Court denied her Application for Leave to Appeal the lower court's decision. *People v. Zemke*, 502 Mich. 937, 915 N.W.2d 469 (2018) (Mem).

Zemke did not file a Petition for a Writ of Certiorari with the United States Supreme Court. She filed this petition, seeking relief on the grounds that she is "entitled to resentencing because her sentence was . . . unreasonable and [based on] inaccurate OV [Offense Variable] scoring." (Pet. at 5, ECF No. 1, PageID 5.)

Zemke filed a motion for resentencing with the Berrien County Circuit Court, raising the issue that her "OV [Offense Variable] scores are wrong." (*Id.* at 6, PageID 6.) Zemke included with her petition an unsigned, undated copy of this motion,

captioned "Motion for Relief from Judgment under Lockridge[1] 2015 MICH LEXIS 1774." (*Id.* at 19, PageID 19.) That motion argues that four offense variables were incorrectly scored and asks the trial court "to resentence this Defendant because the sentence is based on unreliable and inaccurate OV scoring." (*Id.* at 20, PageID 20.) Zemke provided neither the date the motion was filed nor its status, except to say she "do[es]n't know yet" the result of her motion. (*Id.* at 3, PageID 3.)

## II. DISCUSSION

### A. Summary dismissal

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be

---

[1] Petitioner appears to be referring to *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), which "made the minimum guidelines range advisory and eliminated the requirement that the sentencing court provide a substantial and compelling reason for departing from the minimum sentence range specified by the guidelines." *Watkins v. Campbell*, 182 F. Supp. 3d 727, 740 (W.D. Mich. 2016). After *Lockridge* was decided, "sentencing courts would be aware that the court could set the minimum sentence in its discretion." *Mercado v. Harry*, No. 1:17-CV-989, 2017 WL 5663626, at *4 (W.D. Mich. Nov. 27, 2017) (unpublished).

summarily dismissed if it does not set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).

Rule 4 screening extends to unexhausted claims as well as exhausted ones. Unexhausted claims may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D.Mich.1988), or if the unexhausted claim is meritless such that addressing it in the screening process would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

The Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir.1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id*. at 141. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without need for consideration of a response." *Id.*; *see also* 28 U.S.C.A. § 2243.

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claims do not entitle her to

4

habeas relief and the petition must be summarily denied. *See McIntosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

### B. State sentencing claims and habeas relief

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). More specifically, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). A claim that the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006)). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" in their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioners have "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Habeas relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*,

56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)). This may occur when the sentence imposed exceeds statutory limits or is wholly unauthorized by law. *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). However, "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir.1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir.1994)).

Further, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir.2003). A sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir.2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)); *see also United States v. Polselli*, 747 F.2d 356, 358 (6th Cir.1984).

Petitioner's argument that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is fundamentally a state law claim. *Bradshaw*, 546 U.S. at 76; *see also Tironi v. Birkett*, 252 Fed.App'x 724, 725 (6th Cir. 2007) (unpublished); *Howard v. White*, 76 Fed.App'x 52, 53 (6th Cir. 2003) (unpublished); *McPhail*, 412 F. Supp. 2d at 656. Petitioner's argument to the state court of appeals that the trial court improperly departed above the correct sentencing guidelines range[2] would similarly not entitle her to habeas relief, because such departures do not violate federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301-02 (6th Cir. 2000).

Petitioner cannot argue that her sentence violates the constitution's prohibition against "cruel and unusual punishment," because her sentence is authorized by law. *Organek*, 65 F.3d at 62–63. That is, the maximum sentence for first-degree child abuse is life imprisonment or any term of years. Mich. Comp Law § 750.136b(2). Petitioner's eighty-year maximum is thus within statutory range.

---

[2] Although Petitioner did not expressly raise this issue as grounds for relief in her habeas petition, the issue overlaps with the claim she does raise. Both issues refer to Petitioner's sentence as "unreasonable." (Pet. at 2, 5, ECF No. 1, PageID 2, 5.) Because pro se litigants are entitled to have their pleadings construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S., at 106), the Court will address this as a second claim for relief.

Finally, Petitioner cannot show that her sentence was based on "material misinformation of constitutional magnitude." *Koras*, 123 F. App'x at 213. A petitioner's disagreement with the sentencing judge's factual findings and inferences is insufficient to meet this standard. The trial court's resolution of a disputed factual question is not reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741.

Petitioner's challenges to three of the four offense variables cited in her motion for resentencing demonstrate such disputed facts. That is, she disagrees with the court that the victim's injuries were life threatening (OV 3); with the number of victims potentially at danger (OV 10); or that she interfered with the administration of justice (OV 13). (Pet. at 19-20, ECF No. 1, PageID 19-20.) Petitioner makes no allegation that would support finding these variables were based on materially false information.

Petitioner's challenge to the fourth variable, OV 4, fails because it is based on an interpretation of state law. (*Id*. at 20, PageID 20.) Again, under *Bradshaw*, this is not a basis for habeas relief. 546 U.S. at 76 ("[A] state court's interpretation of state

law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review.").

Petitioner's challenges to her sentence are without merit.

**C. Exhaustion**

"[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'" *Walker v. Martin*, 562 U.S. 307, 315-16 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). The claim for relief in Zemke's petition appears unexhausted, as the inaccuracy of offense variable scoring differs from the upward departure issue raised before the state court of appeals. The scoring issue is also the grounds for her state trial court motion for resentencing, so it appears that Petitioner is seeking to exhaust this issue.

Petitioner did not request a stay of her petition to permit her to exhaust her claim, but the district courts "ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion[.]" *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Such a stay would be inappropriate here.

In *Rhines*, the Supreme Court approved a "stay-and-abeyance" procedure that allows district courts to stay the federal proceeding and hold a habeas petition in

9

abeyance while the petitioner returns to state court and raises her unexhausted claims. *Id.* at 275. While *Rhines* involved a petition that included both exhausted and unexhausted claims, its stay-and-abeyance procedure has been applied in cases where the petition was not "mixed." *See, e.g., Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "a district court may stay a petition that raises only unexhausted claims").

However, the *Rhines* stay-and-abeyance procedure is limited to those cases where the petitioner has good cause for the failure to exhaust her remedies in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. *Rhines*, 544 U.S. at 278. If those conditions are satisfied, the district court should stay rather than dismiss the petition. *Id*.

The petition before the Court does not meet those conditions. First, Petitioner failed to provide any "good cause" for her failure to exhaust the scoring claim in the state court. Second, and as explained above, Petitioner's claims have no potential merit. Accordingly, summary dismissal is the appropriate action for the Court.

**D. Certificate of Appealability and *In Forma Pauperis* status on appeal**

Habeas petitioners may not appeal a district court's decision unless a district or circuit judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Reasonable jurists could not conclude that the Court's assessment of Petitioner's claims is debatable or wrong. Nor could reasonable jurists conclude that the issues deserve encouragement to proceed further. The Court therefore declines to grant a certificate of appealability.

A court may grant leave to proceed in forma pauperis if it finds that the appeal is not frivolous and could be taken in good faith. 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002). Because an appeal in this case could not be taken in good faith, the Court denies leave to appeal in forma pauperis should Petitioner decide to appeal this Court's decision.

## V. CONCLUSION

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner is DENIED leave to appeal in forma pauperis.

**SO ORDERED**.

Dated: April 12, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 12, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager